UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MELISSA WILKES, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ONE HOUR AIR CONDITIONING FRANCHISING, LLC; CLOCKWORK, INC.; CLOCKWORK IP LLC; and SUTHERLIN HVAC, INC. D/B/A ONE HOUR HEATING & AIR CONDITIONING,<br><br>      Defendants. | CASE NO. 4:16-cv-32<br><br>CLASS ACTION<br><br>JURY DEMANDED |

**CLASS ACTION COMPLAINT**

1. Plaintiff and proposed Class Representative Melissa Wilkes ("Wilkes"), by counsel, on behalf of herself and all others similarly-situated, brings this against Defendants Clockwork, Inc., Clockwork IP LLC, One Hour Air Conditioning Franchising, LLC, and Sutherlin HVAC, Inc. d/b/a One Hour Heating & Air Conditioning (collectively "One Hour"), to recover damages and to obtain injunctive relief for the claims identified in full below.

2. As set forth in more detail below, One Hour used automatic telephone dialing systems to place calls to cellular telephones of Wilkes and Class members in violation of the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227 (the "TCPA").

3. Wilkes brings this case as a proposed class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class, defined more fully below, who received calls to their cellular telephones in violation of the TCPA, seeking monetary and injunctive relief.

## PARTIES

4. Plaintiff Melissa Wilkes is a citizen and resident of the State of Indiana, residing in Lafayette, Indiana.

5. Defendant Clockwork, Inc. is a Delaware corporation that does business as Clockwork Home Services, under three principle brand names: Benjamin Franklin the Punctual Plumber®, One Hour Heating & Air Conditioning®, One Hour Air Conditioning & Heating®, and Mr. Sparky®. Clockwork, Inc.'s principal place of business is in Sarasota, Florida.

6. Defendant Clockwork IP, LLC is a Delaware limited liability company with its principal place of business in Sarasota, Florida. Clockwork IP, LLC is the intellectual property holding subsidiary of Clockwork, Inc.

7. Defendant One Hour Air Conditioning Franchising, LLC is a Florida limited liability company with its principal place of business in Sarasota, Florida. One Hour Air Conditioning Franchising, LLC is the franchising arm of Clockwork, Inc.

8. Defendant Sutherlin HVAC, Inc. d/b/a One Hour Heating & Air Conditioning is an Indiana corporation with its principal place of business in

Greencastle, Indiana. Sutherlin HVAC, Inc. is a franchisee of One Hour, and is the operating entity from whom Wilkes initially sought service.

## JURISDICTION & VENUE

9. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5 million, exclusive of interests and costs, and this is a class action in which class members are citizens of different states.

10. This Court also has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case seeks redress for violation of federal law.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) & (c) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims herein occurred within this district, including One Hour's violation of the TCPA.

12. Defendants reside in this district for purposes of 28 U.S.C. § 1391 because they are subject to general personal jurisdiction in this district. Defendants have continuous and systematic contacts with Indiana, including this district, through selling and marketing their services in Indiana, to Indiana residents, including residents of this district. Defendants are also subject to specific personal jurisdiction in this district because their contacts with this district gave rise to the instant action.

13. Venue is also proper in this court because Plaintiff is a citizen of Indiana who resides in this district.

## FACTUAL ALLEGATIONS

14. One Hour Heating & Air Conditioning® and One Hour Air Conditioning & Heating® are brands operated under the flagship of Clockwork, Inc. through its subsidiaries Clockwork IP, LLC and One Hour Air Conditioning Franchising, LLC. Collectively, these entities are referred to herein as "One Hour."

15. The One Hour Heating & Air Conditioning® and One Hour Air Conditioning & Heating® brands are licensed for use by One Hour through franchises. The arm of One Hour that creates the franchise relationships is One Hour Air Conditioning Franchising, LLC.

16. The form contract between franchisees and One Hour through One Hour Air Conditioning Franchising, LLC requires One Hour to make available to franchisees "marketing and technical assistance."

17. Pursuant to the form franchisee agreements, One Hour utilizes a "Marketing Fund" whereby franchisees pay contributions to One Hour for marketing to be conducted by One Hour.

18. On June 23, 2014, Wilkes contacted the office of One Hour franchisee Sutherlin HVAC, Inc. d/b/a One Hour Heating & Air Conditioning, which was and is located in Lafayette, Indiana.

19. A representative of the One Hour franchisee came to Wilkes' residence in Lafayette, Indiana to service Wilkes' air conditioner.

20. Wilkes has not contacted One Hour or any of its franchisees since.

21. On August 11, 2015, One Hour called Wilkes' cellular telephone from a number listed as (727) 581-3119. Area code 727 covers mid-western Florida. At that time, Wilkes asked One Hour to remove her from its list and indicated that she was not interested in further services.

22. On February 26, 2016, Wilkes received another call from One Hour to her cellular telephone from a number listed as (727) 581-6351, which is another number belonging to One Hour. Wilkes did not answer this call.

23. On March 4, 2016, Wilkes again received a call from One Hour to her cellular telephone from a number listed as (727) 581-6351. Wilkes answered the call and discovered it was One Hour asking if she wanted to schedule a maintenance appointment. Wilkes informed One Hour that she was not interested and that she had previously requested to be taken off its list, and again requested that One Hour stop calling her.

24. In addition to those calls identified above, Wilkes has received other calls from One Hour.

25. One Hour has placed numerous other calls identical to those made to Wilkes to the cellular telephones of the members of the Class defined below.

26. In each instance, the purpose of One Hour's calls was to solicit business from the recipients.

27. In each instance, One Hour used an automatic telephone dialing system to call Wilkes' and Class members' cellular telephones.

28. One Hour did not have the express consent of Wilkes or Class members when making the calls to their cellular telephones.

29. Any consent received by One Hour or its agents did not conform to requirements of the TCPA or the *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 27 FCC Rcd 1830 (2012) and *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, FCC 15-72, 30 F.C.C.R. 7961, 7996 (July 10, 2015).

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this case pursuant to Rules 23(b)(3) of the Federal Rules of Civil Procedure on her own behalf and behalf of the proposed Class, defined as:

> All persons within the United States who, within four years prior to the filing of this action received any telephone call from Defendants or their agents to either: (1) a cellular telephone subscribed to by said person, or (2) a cellular telephone for which said person is the number's customary user, where the call from Defendants was made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes.

31. The Class is comprised of thousands of individuals. Although the exact number of class members is presently unknown, the number and identity of Class members can be readily determined through One Hour's records.

32. The disposition of the numerous claims of these class members in a single class action will provide substantial benefits to all parties and to the Court.

33. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the class members. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include without limitation the following:

    A. Whether One Hour used an automatic telephone dialing system.

    B. Whether One Hour received consent from Wilkes and Class members prior to placing calls to the cellular telephones of Wilkes and Class members.

    C. Whether any purported consent received by One Hour complied with the requirements set forth by the Federal Communications Commission.

    D. Whether One Hour acted willfully and/or knowingly in violation of the TCPA.

35. Wilkes' claims are typical of the claims of the Class. Wilkes and Class members have similarly received calls from One Hour to cellular telephones owned by Wilkes and Class members, and Wilkes and Class members suffered the same harm arising from One Hour's legal violations as identified in causes of action enumerated and set forth below.

36. Wilkes' and Class members' claims flow, in each instance, from a common nucleus of operative facts – One Hour's legal violations as identified in causes of action enumerated and set forth below.

37. Wilkes is an adequate representative of the Class because her interests do not conflict with and are not antagonistic to the interests of the Class members she seeks to represent. Wilkes will fairly and adequately represent and protect the interests of the Class.

38. Wilkes has retained competent and experienced counsel.

39. Wilkes and Class members have all suffered and will continue to suffer substantial harm and damages due to One Hour's conduct. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, most Class members likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all. Absent a class action, class members will continue to sustain damages, and One Hour's misconduct will proceed without remedy.

40. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Additionally, One Hour has acted, and failed to act, on grounds generally applicable to plaintiff and the Class, requiring court imposition of uniform relief to insure compatible standards of conduct toward Wilkes and the Class.

## CAUSES OF ACTION

41. All facts alleged above as well as all facts alleged in each individual count are incorporated by reference as though set forth in each individual count. No fact is to be read as though applying solely to an isolated section of this Complaint.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

42. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

43. As a result of the negligent violations of 47 U.S.C. § 227 by Defendants and their agents, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants', and their agents,' violation of the TCPA in the future.

45. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

46. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

47. As a result of Defendants', and their agents', knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

48. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants and their agents in the future.

49. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests an order certifying this matter as a class action with Plaintiff as class representative and her counsel as class counsel; and entry of a judgment in favor of Plaintiff, including an award of all available common-law and statutory damages, pre- and post-judgment interest, injunctive relief, punitive damages, attorneys' fees, costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all of her claims.

/s/ *Eric S. Pavlack*
Eric S. Pavlack, #21773-49
PAVLACK LAW, LLC
255 N. Alabama St., Ste. 301
Indianapolis, IN 46204
(317) 251-1100
*Eric@PavlackLawFirm.com*

James R. Schrier
Renaissance Place, Sixth Floor
250 Main Street, Suite 601
P.O. Box 280
Lafayette, IN  47902-0280
(765) 423-5333
*jrs@rtslawfirm.com*

Jason R. Reese, #20330-64
Stephen M. Wagner, #18248-49
WAGNER REESE LLP
11939 North Meridian Street
Carmel, IN 46032
(317) 569-0000
*JReese@wagnerreese.com*
*SWagner@wagnerreese.com*

**COUNSEL FOR PLAINTIFF &
PROPOSED PLAINTIFF CLASS**